UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN PETERSON JANVIER,

      Plaintiff,

v.                                              Case No. 6:24-cv-1949-JSS-LHP

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, DIVISION OF
LICENSING,

      Defendant.
_____/

## **DEFENDANT'S MOTION TO DISMISS COMPLAINT**

      Defendant the Florida Department of Agriculture and Consumer Services, Division of Licensing (the "Department"), by and through the below counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves to dismiss the Complaint/Notice of Appeal because this Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted. The Department further states that even if Plaintiff had adequately stated a claim for relief, the Department is entitled to sovereign immunity.

1

## BACKGROUND

Plaintiff filed a Complaint/Notice of Appeal requesting that this Court order the Department to issue him a concealed weapon or firearm license. Plaintiff claims this Court has jurisdiction under the Second Amendment and that the Second Amendment gives this Court the authority to hear appeals involving concealed weapon or firearm licenses.

The Department of Agriculture and Consumer Services, Division of Licensing is the state agency in Florida responsible for issuing concealed weapon or firearm licenses. In 2021 the Department denied Plaintiff's application for a concealed weapon or firearm license. (Complaint, pgs. 3-4). As grounds for the denial, the Department explained that Plaintiff was ineligible for a license under section 790.06(2)(d), Florida Statutes, due to his conviction of a felony in Orange County Circuit Court Case No. 48-2009-CF-016416. (*Id.*). Section 790.06(2)(d) provides that the Department may not issue a license to an individual who has been convicted of a felony and is ineligible to possess a firearm under section 790.23, Florida Statutes. *See* § 790.23(1)(a), Fla. Stat. (providing that it is unlawful for a person who has been convicted of a felony in the courts of this state to possess a firearm). The denial of Plaintiff's application was subsequently affirmed on appeal by Florida's First District Court of Appeal. (Complaint, pg. 6); *J.P.J. v. Dep't of Agric. & Consumer Servs.,*

*Div. of Licensing*, 390 So. 3d 1205 (Fla. 1st DCA 2024), *review dismissed*, No. SC2024-1330, 2024 WL 4179113 (Fla. Sept. 13, 2024).

Plaintiff styled his initial pleading as a Complaint/Notice of Appeal. He identifies only the Second Amendment as grounds for this Court's jurisdiction and states that this Court has jurisdiction over appeals involving concealed weapon or firearm licenses. (Complaint, ¶¶ 2-3). The Complaint/Notice of Appeal indicates that Plaintiff is attempting to appeal the First DCA's order to this Court or otherwise use a federal lawsuit to launch a collateral attack on matters that have already been resolved by the state courts. Although Plaintiff invokes the Second Amendment, his Complaint does not allege that any statute, rule, or Department action is unconstitutional. The only grounds for relief he alleges is his contention that his felony conviction in state court was actually a misdemeanor under Florida law and therefore does not make him ineligible for a concealed weapon or firearm license. (*Id.*, ¶¶ 1, 4-5).

In short, Plaintiff has sued the Department in federal court based entirely on matters of state law that have already been resolved by state courts. He concludes by requesting that this Court order the Department to issue him a concealed weapon or firearm license under state law. Plaintiff has failed to sufficiently state a claim upon which relief can be granted or establish that there is a justiciable controversy. Furthermore, the Department is a state agency and entitled to sovereign immunity. For these reasons, and those

discussed below, this Court should dismiss the Complaint/Notice of Appeal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## MEMORANDUM OF LAW

### I.  Legal Standards

#### A.  Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. This may come in the form of a facial challenge or a factual challenge. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In a facial challenge, all allegations in the complaint are taken as true and the court determines if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* In contrast, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Unlike with a facial challenge, a court considering a factual challenge is "free to weigh the facts and [is] not constrained to view them in the light most favorable to [the plaintiff]." *Carmichael v. Kellogg, Brown, & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

#### B.  Fed. R. Civ. P. 12(b)(6)

The court may dismiss a case under Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to

4

dismiss, the court may consider "only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, the court is not required to accept as true the complaint's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must state a "plausible claim for relief" supported by sufficient factual allegations. *Id.* at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## II.   Argument

**A.   This Court lacks subject matter jurisdiction as Plaintiff has failed to sufficiently allege a basis for subject matter jurisdiction, and this Court lacks subject matter jurisdiction in fact.**

**1.   This Court does not have appellate jurisdiction over the Department's order or the decisions of Florida's district courts of appeal.**

As an initial matter, any attempt by Plaintiff to appeal the decisions of the Department or Florida's First District Court of Appeal to this Court is improper and has no legal basis. Plaintiff's initial pleading is titled as a "Complaint / Notice of Appeal," refers to the parties as "Plaintiff / Petitioner" and "Defendant / Respondent," and states that this Court has "jurisdiction

5

power over Concealed Weapon or Firearm License Rights <u>Appeals</u>." (emphasis added). Plaintiff has not identified any legal basis for appealing a state agency or state court decision to a federal district court, nor can he because such a basis does not exist. Accordingly, this Court should dismiss the Complaint/Notice of Appeal as an improper attempt to appeal the decision of the Department and/or Florida's First District Court of Appeal.

### 2.     The Department is entitled to sovereign immunity.

The Department is a state agency, and Plaintiff's claim is therefore barred by state sovereign immunity as recognized by the Eleventh Amendment to the United States Constitution. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). This immunity applies equally to lawsuits brought by citizens of other states and lawsuits brought by the state's own citizens. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). Immunity applies regardless of the type of relief sought, whether it be monetary, injunctive, or some other type of relief. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989).

There are two recognized exceptions to sovereign immunity under the Eleventh Amendment: (1) when Congress explicitly abrogates Eleventh Amendment immunity pursuant to Section 5 of the Fourteenth Amendment, and (2) when the state expressly waives sovereign immunity. *Carr*, 916 F.2d

6

at 1524; *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."). Neither of those exceptions exists in this case. Congress has not abrogated immunity for any issue raised by Plaintiff, and the State of Florida has not consented to suit or waived its sovereign immunity.

Although the state remains immune under the Eleventh Amendment, the Supreme Court determined that an exception to sovereign immunity exists when a plaintiff brings a lawsuit against a state official in his or her official capacity, seeking prospective relief for an ongoing violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). Under the *Ex parte Young* doctrine, a lawsuit must: (1) be against individual state officials in their official capacities; (2) allege an ongoing violation of federal law; and (3) seek only prospective relief. *Id.*; *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). The *Ex parte Young* exception is therefore quite narrow. *Id.* ("[T]he exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought.").

Plaintiff's lawsuit fails the first two requirements of *Ex parte Young*. First, the only defendant named in Plaintiff's suit is the Department of

7

Agriculture and Consumer Services, Division of Licensing, which is an agency of the State of Florida. The complaint does not name a state official as a defendant, which means the suit is barred by the Eleventh Amendment. *Id.* (explaining that suits under the *Ex parte Young* doctrine are against state officials, not the states themselves, and that "States or their agencies . . . retain their immunity against <u>all</u> suits in federal court.") (emphasis added). Because the Department has not consented to suit or waived immunity, it retains full sovereign immunity from suit in federal court.

Plaintiff's suit also fails the second *Ex parte Young* requirement because it does not allege an ongoing violation of federal law. The Supreme Court has explicitly held that the *Ex parte Young* exception to sovereign immunity only applies to violations of federal law, not state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). The purpose of *Ex parte Young* is to "give life[ ] to the Supremacy Clause" of the U.S. Constitution by ensuring that state officials cannot violate federal law and then use the Eleventh Amendment as a shield. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Accordingly, the exception does not apply to an alleged violation of state law because granting relief to state officials based on state law "does not vindicate the supreme authority of federal law." *Pennhurst*, 465 U.S. at 106. Rather, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.*

8

Plaintiff does not allege any violation of federal law in his Complaint. Plaintiff lists the Second Amendment only to say that this Court has jurisdiction. The only alleged basis for relief is Plaintiff's contention that his felony conviction is actually a misdemeanor under Florida law, thereby making him eligible for a concealed weapon or firearm license.

In 2010, Plaintiff was convicted of a felony in state court in Orange County, Florida. That judgment was then affirmed on direct appeal by Florida's Fifth District Court of Appeal. *Janvier v. State*, 78 So. 3d 552 (Fla. 5th DCA 2012). The Fifth DCA continued to uphold Plaintiff's felony conviction in the face of multiple attempts by Plaintiff to obtain postconviction relief. *See Janvier v. State*, 100 So. 3d 712 (Fla. 5th DCA 2012); *Janvier v. State*, 150 So. 3d 1170 (Fla. 5th DCA 2014); *Janvier v. State*, 234 So. 3d 773 (Fla. 5th DCA 2017). The question of whether Plaintiff's conviction is a felony or a misdemeanor is purely a question of state law, not federal law. It is also a question that has already been thoroughly adjudicated and resolved by state courts.

The denial of Plaintiff's application for a concealed weapon or firearm license was also based entirely on state law. The Department is charged with reviewing license applications and issuing concealed weapon or firearm licenses to qualified individuals under section 790.06, Florida Statutes. Amongst other criteria, a license applicant must not be "ineligible to possess a

9

firearm pursuant to s. 790.23 by virtue of having been convicted of a felony." § 790.06(2)(d), Fla. Stat. Under section 790.23, it is unlawful for a person to possess a firearm if that person has been "[c]onvicted of a felony in the courts of this state." § 790.23(1)(a), Fla. Stat. Based on Plaintiff's felony conviction in a Florida court, the Department denied Plaintiff's license application. Florida's First District Court of Appeal then affirmed that decision. *J.P.J. v. Dep't of Agric. & Consumer Servs., Div. of Licensing*, 390 So. 3d 1205 (Fla. 1st DCA 2024).

The Department denied Plaintiff's application based entirely on state law; it did not cite any federal law as a basis for denial.[1] The Complaint also does not allege any violation of federal law. Although the Second Amendment is mentioned as the jurisdictional grounds, Plaintiff does not allege at any point that any statute or rule relied upon by the Department is unconstitutional. As previously mentioned, the sole issued raised by the Complaint is the classification of Plaintiff's conviction as a felony under Florida law. This issue has already been resolved by Florida courts and does not implicate the Second Amendment or any other federal law. Because Plaintiff alleges only a single

---

[1] The Department must also deny a license application if the applicant is "prohibited from purchasing or possessing a firearm" by any provision of federal law. § 790.06(2)(n), Fla. Stat. However, the Department did not use any provision of federal law as a basis to deny Plaintiff's application.

10

issue of state law, he fails the second requirement of *Ex parte Young*, and the Department is immune from his suit.

> **B.     Plaintiff failed to state a claim upon which relief can be granted.**

Plaintiff has failed to state a claim upon which relief can be granted, and the Complaint should be dismissed under Rule 12(b)(6). As previously described, the Complaint asserts the Second Amendment as grounds for this Court's jurisdiction but never alleges that the Department violated the Second Amendment. As Plaintiff makes no other claim under federal law, that fact alone warrants dismissal of the Complaint.

Even if this Court were to construe the Complaint as alleging a violation of the Second Amendment by the Department, Plaintiff has still failed to sufficiently state a claim. In order to state a claim under the Second Amendment, "a plaintiff must first show that the plain text of the Second Amendment covers the proposed restricted conduct." *Colon v. Bureau of Alcohol*, No. 8:23-CV-223-MSS-NHA, 2024 WL 1050581, at *2 (M.D. Fla. Mar. 11, 2024) (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 23–24 (2022)). Plaintiff does not meet this pleading requirement because he has failed to allege that the Department has restricted any conduct that would be protected by the Second Amendment.

The Department denied Plaintiff's application for a concealed weapon or firearm license, but Plaintiff does not allege that the Department has restricted his conduct. In 2023, the Florida Legislature amended Florida law to remove the requirement that a person have a license to carry a concealed weapon or firearm. Ch. 2023-18, Laws of Fla. Specifically, the law amended sections 790.01, 790.06, and 790.25, Florida Statutes, to provide that individuals may carry a concealed weapon or firearm in Florida without obtaining a license from the Department. *Id.* at §§ 5, 10, 15.

Accordingly, neither Plaintiff nor any other individual needs a license from the Department to carry a concealed weapon or firearm in Florida. Furthermore, the Department is an administrative agency that processes license applications and issues licenses to qualified individuals. It is not responsible for enforcing laws that may still prohibit Plaintiff from carrying a concealed weapon or firearm.

Plaintiff does not allege any injury he has suffered as a result of his license application being denied. Because Plaintiff fails to allege an actual injury, state a cause of action under federal law, or request relief that is within this Court's power to provide, the suit cannot proceed.

WHEREFORE, for the reasons stated above, the Department respectfully requests that this Court grant its motion to dismiss.

Local Rule 3.01(g) Certification

The undersigned certifies that the Department conferred with Plaintiff via e-mail, and Plaintiff opposes the requested relief.

Respectfully submitted,

*/s/ Jacob C. Sternlicht*
Jacob C. Sternlicht
Florida Bar No. 1031878
John A. Minnick
Florida Bar No. 245630
Florida Department of Agriculture and Consumer Services
407 S. Calhoun Street, Ste. 520
Tallahassee, Florida 32399
Jacob.Sternlicht@FDACS.gov
John.Minnick@FDACS.gov
(p) (850) 245-1028
(p) (850) 245-1023

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on the same date on all counsel of record or pro se parties identified below in the manner specified:

John Peterson Janvier, *Pro Se*
1915 Grand Isle Cir, Apt 631A
Orlando, FL 32810
johnjanvier08@gmail.com
*Via E-mail*

>                                              */s/ Jacob C. Sternlicht*
>                                              Jacob C. Sternlicht