# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN PETERSON JANVIER,

       Plaintiff,

v.                                                                Case No:   6:24-cv-1949-LHP

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES DIVISION OF
LICENSING,

       Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS COMPLAINT (Doc. No. 15)** |
| **FILED:** | **February 19, 2025** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.    INTRODUCTION

On October 29, 2024, Plaintiff John Peterson Janvier, proceeding *pro se*, filed a "Complaint/Notice of Appeal" against Defendant Florida Department of

Agriculture and Consumer Services Division of Licensing.    Doc. No. 1.    It appears from Plaintiff's pleading and attached documents that Plaintiff was previously convicted of a criminal offense, which Plaintiff contends is a misdemeanor, and that Defendant wrongfully denied him a concealed weapons or firearm license based on Defendant's incorrect determination that Plaintiff was in fact convicted of a felony, which would disqualify him from holding such a license.    *Id.*; *see also* Doc. No. 1-1; Fla. Stat. § 790.23(1)(a) (providing that it is unlawful for a person who has been convicted of a felony to possess a firearm).[1]    Plaintiff appealed Defendant's denial of the license directly to the Florida First District Court of Appeal, which affirmed Defendant's decision.    Doc. No. 1-1, at 1-2, 4-5.    Plaintiff does not point to any statutory or common law theory of relief, nor otherwise allege any legal basis for his "Complaint/Notice of Appeal," beyond stating that this Court has "jurisdiction power over Concealed Weapon or Firearm License Rights Appeals, pursuant to the Second Amendment Rights."    Doc. No. 1.    Plaintiff does not seek monetary

---

[1] "Ordinarily, at the motion to dismiss stage, the court limits its consideration to the pleadings and exhibits attached thereto.    However, a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.    Similarly, a district court may consider judicially noticed documents. . . . Courts typically take judicial notice of record documents from other judicial proceedings."    *Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) (citations and internal quotation marks omitted) (cited as persuasive authority).

damages, but requests that the Court order Defendant to reinstate/restore Plaintiff's concealed weapons or firearm license. *Id.*

The Court previously granted Plaintiff's request to proceed with his case *in forma pauperis*, Doc. No. 10, and the case was referred to the IDEAL Program. Doc. No. 12. The Court held an IDEAL case management conference with the parties, who thereafter jointly consented to the jurisdiction of the undersigned and participation in the IDEAL Program. Doc. Nos. 17-18, 25-26, 28. The case was transferred to the undersigned's jurisdiction and the IDEAL Program on April 8, 2025. Doc. No. 29.

In the meantime, Defendant filed the above-styled motion to dismiss, arguing that this Court lacks subject matter jurisdiction, that Defendant is entitled to sovereign immunity, and that Plaintiff has failed to state a claim for relief. Doc. No. 15. Plaintiff filed a timely response. Doc. No. 16. The Court thereafter held a preliminary pretrial conference with the parties on April 28, 2025, after which the Court provided Plaintiff leave to file a supplemental response to the motion to dismiss and Defendant a reply brief. Doc. Nos. 31, 34-35. With those filings now made, *see* Doc. Nos. 36-37, Defendant's motion to dismiss is now fully briefed and ripe for disposition.[2] For the reasons discussed below, the Court finds that the

---

[2] Plaintiff also requested an extension of time to file an amended complaint, which

motion (Doc. No. 15) is due to be granted as the Court lacks subject matter jurisdiction.

## II.    ANALYSIS

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually, *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999), and may be brought "any time while the action is pending," *Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp. 2d 1327, 1343 (M.D. Fla. 1999).    A facial attack on the complaint requires the court to accept the allegations in the complaint as true and determine whether those allegations sufficiently alleged a basis for subject matter jurisdiction.    *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).    Conversely, a factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings.    *Id.*

The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including "a short and plain statement of the grounds upon which the court's jurisdiction depends."    *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); Fed. R. Civ. P. 8(a).    "But even when the parties disclaim or fail to

_____

the Court denied without prejudice.    Doc. Nos. 38, 41.    Plaintiff has not renewed his request as of the date of this Order.

present requirements that go to the existence of subject-matter jurisdiction, courts must *sua sponte* consider such issues." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)).    Further, it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court has subject matter jurisdiction.    *Id.*

Here, Defendant makes both facial and factual attacks to Plaintiff's complaint:    (1) that Plaintiff has styled his complaint as an "appeal," and this Court lacks subject matter jurisdiction to consider an appeal of either Defendant's decision or the ruling from the First District Court of Appeal; and (2) that Defendant is entitled to sovereign immunity.    Doc. No. 15.    The Court agrees with Defendant's first argument, and also finds that Plaintiff lacks Article III standing.

   A.    *The Rooker-Feldman Doctrine*

Defendant first contends, without any legal authority in support, that this Court lacks jurisdiction to consider Plaintiff's appeal of a state agency or state court decision.    Doc. No. 15, at 5-6.    It appears that Defendant is arguing that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.[3]    That doctrine

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).    The Court may consider the *Rooker-Feldman* doctrine and assess its jurisdiction over this case *sua sponte*.    *See DeRoy*, 963 F.3d at 1311 ("Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties."); *Linares v. Armor Corr. Health Servs., Inc.*,

"is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citing *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009)). "Under *Rooker-Feldman*, a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (citation omitted). The *Rooker-Feldman* doctrine "follows naturally from the jurisdictional boundaries that Congress has set for the federal courts. First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals. And second, only the Supreme Court can "reverse or modify" state court judgments; neither district courts nor the circuits can touch them." *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (citations omitted).

Plaintiff's complaint falls squarely within the *Rooker-Feldman* doctrine. Plaintiff has titled his complaint as a "Notice of Appeal," and the relief he requests is to overturn Defendant's decision to deny him a concealed weapons or firearm license – a decision affirmed by the state appellate court, and which Plaintiff does

---

591 F. App'x 924 (11th Cir. 2015) (affirming *sua sponte* dismissal of complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine).

not contest.[4]    This is not a situation where Plaintiff is seeking damages based upon any perceived misconduct by Defendant during the decision-making process, rather he simply requests to have that decision reversed.    *See* Doc. No. 1, at 2; Doc. No. 36, at 4.    Under these circumstances, there can be no doubt that Plaintiff lost in state court and is inviting district court review and rejection of a state court judgment affirming that decision.    As such, this Court lacks subject matter jurisdiction to address Plaintiff's complaint.[5]    *See, e.g.*, *Fox v. Florida*, 138 F. App'x 194, 196 (11th Cir. 2005) (affirming dismissal of case under *Rooker-Feldman* involving challenge to state bar's decision to suspend plaintiff's law license – such decision was affirmed by the Florida Supreme Court, which constituted a final judgment for

---

[4] There is nothing before the Court, nor does Plaintiff argue, that the First District Court of Appeals' decision was overturned or vacated either by the Court of Appeals or on certiorari review to the Florida Supreme Court.    As such, it remains a final state court judgment.

[5] The Court notes that in his supplemental response, Plaintiff argues that he is not seeking appellate review of any state court decision, but instead is challenging the constitutionality of Defendant's ongoing application and enforcement of the criminal statutes as they prevented Plaintiff from obtaining a concealed weapons and firearm license.    Doc. No. 36, at 2-4.    Putting aside the vague and conclusory nature of these statements, and the fact that Plaintiff nowhere explains how the Department has any authority enforce these criminal laws, it remains that no matter how the cake is sliced, the only way for the Court to award Plaintiff any relief would be to overturn state court judgments that have directly affirmed Defendant's decision in this case – including Defendant's determination that Plaintiff's felony conviction precludes the issuance of a license.

*Rooker-Feldman* purposes);[6] *Bargnare v. Smith*, No. 3:25-CV-196-TKW-HTC, 2025 WL 890740, at *2 (N.D. Fla. Mar. 6, 2025), *report and recommendation adopted*, 2025 WL 890158 (N.D. Fla. Mar. 21, 2025) (request to reinstate driver's license and enjoin state agencies and officers from enforcing an impoundment order "is an improper appeal to this Court of the state court's judgment and sentence and order denying relief. It is the very type of case that *Rooker-Feldman* precludes.").[7]

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

[7] While not alleged in his complaint, Plaintiff argues in his supplemental response that he is seeking injunctive and declaratory relief under 42 U.S.C. § 1983 for violations of various constitutional rights.   Doc. No. 36, at 3.   It is arguable that such a claim – if asserted – would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which mandates dismissal of any § 1983 complaint that would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.   *See also DePalma v. Florida*, No. 22-14292, 2024 WL 181832, at *1 (11th Cir. Jan. 17, 2024) ("A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 486-87)); *Wilkinson v Dotson*, 544 U.S. 74, 81 (2005) (expanding *Heck* to claims for injunctive and declaratory relief); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 (11th Cir. Jan. 31, 2007) (same). The Court notes that there is a split of authority as to whether *Heck* applies to complaints where the plaintiff is no longer in custody, *see Groman v. Scull*, No. 21-10046-CIV, 2021 WL 3681807, at *1 (S.D. Fla. Aug. 19, 2021); *Domotor v. Wennet*, 630 F. Supp. 2d 1368, 1376–77 (S.D. Fla. 2009) (collecting cases), however it is undisputed that Plaintiff was convicted of a felony, his conviction was affirmed on appeal, and Plaintiff's collateral postconviction attacks have been unsuccessful.   *See State of Florida v. John Peterson Janvier*, Case No. 2009-CF-16416-A-O, Orange County, Florida; *Janvier v. State*, 78 So. 3d 552 (Fla. Dist. Ct. App. 2012); *Janvier v. State*, 100 So. 3d 712 (Fla. Dist. Ct. App. 2012); *Janvier v. State*, 150 So. 3d 1170 (Fla. Dist. Ct. App. 2014); *Janvier v. State*, 234 So. 3d 773 (Fla. Dist. Ct. App. 2017).   The only way to award Plaintiff his requested relief would be to either find his felony conviction invalid or reclassify his conviction as a misdemeanor, which would also

B.    *Standing*

The Court further finds that subject matter jurisdiction is lacking because Plaintiff does not have standing.    The Eleventh Circuit has summarized the doctrine of standing as follows:

> To have standing in federal court, a plaintiff must meet three requirements.    First, he must have suffered an injury in fact: "an invasion of a legally protected interest."    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).    The injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."    *Id.* (quotations and citations omitted).    Second, there must be a causal connection between his injury and the conduct he challenges, *i.e.*, his injury must be fairly traceable to the challenged actions of the defendant.    *Id.*    Third, it must be likely that plaintiff's injury will be redressed by a favorable decision of the court.    *Id. a*t 561, 112 S.Ct. at 2136.

*Sicar v. Chertoff*, 541 F.3d 1055, 1059 (11th Cir. 2008).

Further, "when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."    *Worthy v. City of Phenix City, Alabama*, 930 F.3d 1206, 1215 (11th Cir. 2019) (emphasis and citation omitted).    The burden of establishing standing falls on the plaintiff, who at the motion to dismiss stage must provide

---

necessarily overturn numerous state court decisions affirming Plaintiff's felony conviction. Thus, it would appear that *Heck* bars such relief.    *See, e.g., Schofield v. Florida*, No. 4:24-cv-346-AW-MAF, 2024 WL 5713501, at *1 (N.D. Fla. Aug. 30, 2024) ("[A] civil rights case cannot be used to obtain monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence." (citations omitted)).

"general factual allegations of injury resulting from the defendant's conduct." *Id.* at 1214 (citation omitted).

Plaintiff fails on the third requirement, as he has not and cannot allege any injury resulting from Defendant's conduct that can be redressed by a favorable ruling in this Court.   As Defendant explains in its motion, the Florida Legislature recently amendment Florida Statutes §§ 790.01, 790.06, and 790.25 to provide that individuals may carry a concealed weapon or firearm in Florida without first obtaining a concealed weapons or firearm license from Defendant.   *See* Ch. 2023-18, Laws of Fla., §§ 5, 10, 15.   As such, if Plaintiff wishes to carry a concealed firearm – and otherwise is authorized to possess a firearm in Florida – he no longer requires a license from Defendant.   Thus, any order from this Court directing Defendant to issue a license would be an unnecessary redundancy.   And while Plaintiff attempts to argue that he is suffering an ongoing violation of his Second Amendment rights, he nowhere addresses how this change in Florida law impacts his claimed injuries. *See* Doc. No. 36, at 5-6.

Further, Florida prohibits persons convicted of a felony from possessing a firearm.   Fla. Stat. § 790.23(1)(a).   And Plaintiff nowhere alleges or argues that Defendant, a state agency responsible for issuing concealed weapons or firearm licenses, has any authority to overturn felony convictions or, as Plaintiff appears to request, transform a felony conviction into a misdemeanor.   *See also* Doc. No. 15, at

12.    Rather, such relief should be pursued in the state courts via challenges to Plaintiff's conviction – either by direct or collateral appeal/attack – which Plaintiff has already undertaken without success.    Because Defendant lacks the authority to change Plaintiff's criminal conviction, any order from this Court – assuming jurisdiction exists – would be legally ineffective.    Accordingly, Plaintiff has not and cannot establish that any favorable decision from this Court in this case would redress Plaintiff's claimed injury, and therefore he lacks standing to assert his claims against Defendant.[8]    *Cf. Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1304 (11th Cir. 2011) (dismissing appeal for lack of standing where a favorable decision would not redress plaintiff's injury – the real relief plaintiff sought was to strike down an EPA rule, which was not before the court); *Chubb v. Noggle*, No. 1:22-CV-3289-TWT, 2023 WL 2229247, at *5 (N.D. Ga. Feb. 24, 2023), *reconsideration denied*, 2023 WL 4482328 (N.D. Ga. July 11, 2023), *and appeal dismissed sub nom. Chubb v. Comm'r for Georgia Dep't of Cmty. Health*, No. 23-12364, 2024 WL 3489759 (11th Cir. July 19, 2024) (dismissing case for lack of standing where plaintiff requested certificate of need, and even if court ruled in plaintiff's favor, certificate could not

---

[8] The Court agrees with Defendant that Plaintiff has failed to satisfy the *Ex parte Young*, 209 U.S. 123 (1908) requirements to overcome Defendant's sovereign immunity from suit.    However, because such deficiencies could be rectified via amendment, and because the other legal doctrines discussed in this Order render amendment futile, the Court does not further address sovereign immunity here.

issue due to other deficiencies); *Carol King Landscaping Maint., Inc. v. Pizzella*, No. 2:19-cv-453-FtM-99NPM, 2019 WL 4694534, at *6 (M.D. Fla. Sept. 26, 2019) (dismissing case for lack of standing where plaintiff could not establish redressability factor because plaintiff was able to obtain the relief it requested through other means, thus any court order was unnecessary).

    C.    *Request for Leave to Amend*

Plaintiff alternatively requests in his supplemental response that he be given leave to file an amended pleading.    Doc. No. 36, at 6-7.    Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted.    *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).    However, in this case, any amendment would be futile, as the Court does not have subject matter jurisdiction over this case, and there are no allegations Plaintiff could assert that would cure the deficiencies listed above – in particular with respect to the *Rooker-Feldman* doctrine. Thus, the Court will dismiss the case without prejudice, but without leave to amend. *See Cox v. Mills*, 465 F. App'x 885, 889 (11th Cir. 2012) ("[T]he court need not grant leave where the amendment would be futile.    An amendment is futile where the complaint as amended would still be subject to dismissal." (citations omitted)); *Ramos v. Tomasino*, 701 F. App'x 798, 805 (11th Cir. 2017) ("A *Rooker-Feldman* dismissal is a dismissal for lack of subject matter jurisdiction, and '[a] dismissal for

lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.'" (quoting *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008)); *Hill v. Johnson*, 787 F. App'x 604, 608 (11th Cir. 2019) ("[T]he district court did not abuse its discretion in denying his motion for leave to amend, as amendment would have been futile because the ultimate relief Hill sought in the district court—review of the state court judgments against his farm—is barred by the *Rooker-Feldman* doctrine.").[9]

## III.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss Complaint (Doc. No. 15), and **DISMISSES WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Doc. No. 1) for lack of subject matter jurisdiction.   The Clerk is **DIRECTED** to terminate all other pending motions and close the file.

---

[9] The Court further questions whether Plaintiff has a constitutional right to a concealed weapons or firearm permit.   *See, e.g., United States v. Rahimi*, 602 U.S. 680, 690–91 (2024) (noting that the Second Amendment right is not unlimited and stating jurisdictions have forbidden carrying concealed firearms); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 59 (2022) ("States could lawfully eliminate one kind of public carry—concealed carry—so long as they left open the option to carry openly."); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("[T]he majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues.").

- 13 -

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties